**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON  DIVISION**

| | | |
|---|---|---|
| ALLEN ALFONZO ADAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | Case No. 5:14-CV-293-MTT-MSH |
| | : | |
| BRIAN OWENS, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER AND SUPPLEMENTAL**
**REPORT AND RECOMMENDATION**

On November 10, 2014, the undersigned issued a Report and Recommendation (ECF No. 13) construing Petitioner's filings as seeking relief under 18 U.S.C. § 1983 and finding that Petitioner, having incurred at least three strikes under 28 U.S.C. § 1915(g), is ineligible to proceed *in forma pauperis* (IFP) in this Court.[1]  The undersigned thus recommended dismissing Petitioner's case without prejudice to allow him to refile his suit with the appropriate filing fee.  The district judge referred the matter back to the undersigned to discuss the applicability of 28 U.S.C. § 2254 to Petitioner's claims.  Order, Jan. 21, 2015, ECF No. 18.[2]

As discussed more fully below, the undersigned finds that a petition for release from unconstitutionally imposed administrative segregation by an inmate lawfully

---

[1]     *See* Report and Recommendation 2-3 (listing Petitioner's strikes).

[2]     The district judge did not question the validity of the determination that Petitioner is barred by § 1915(g) from proceeding IFP as it relates to any claims in his Petition that could be construed as having been brought under 18 U.S.C. § 1983.  Therefore, the undersigned continues to recommend that any possible claims for damages that could be gleaned from Petitioner's filings should be dismissed without prejudice under § 1915(g).

imprisoned under a state court judgment can be brought under 28 U.S.C. § 2254.  Any such claim must still satisfy the typical requirements for a § 2254 claim including the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year statute of limitations, and the exhaustion requirement imposed by § 2254(b)(1).   Although Petitioner's filings are rambling and incoherent, the undersigned construes his Petition and Motion for Injunctive Relief (ECF No. 7) (which the Court considers an amendment to the Petition) as a claim for a writ of habeas corpus seeking release from the allegedly unconstitutional administrative segregation imposed upon Petitioner by his custodians.  Because it is not clear from the record as it stands that this action would be barred under the requirements of § 2254, the undersigned recommends that the Court order service of the Petition and the Motion for Injunctive Relief upon Respondent, and that he be directed to file an answer or other proper response within sixty (60) days of the date on which the Court rules upon this Recommendation.   Furthermore, each of Petitioner's currently pending motions is considered below and each is denied.

I.    **Applicability of 28 U.S.C. § 2254 to Requests for Release from Unconstitutionally Imposed Administrative Segregation**

Title 28, United States Code Section 2254 grants to the District Court jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).  The Eleventh Circuit Court of Appeals has recognized that a petition seeking release from unconstitutionally imposed administrative segregation can be properly

treated as a petition for a writ of habeas corpus under § 2254. *See Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003) ("[I]t is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus."); *see also Krist v. Ricketts*, 504 F.2d 887, 888 (5th Cir. 1974) ("Such release falls into the category of 'fact or duration of . . . physical imprisonment' . . . and reserved for habeas jurisdiction.") (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973)).[3]

## II.   Petitioner's Claims

Petitioner's filings are, for the most part, incoherent. The undersigned has painstakingly reviewed each document filed by Petitioner. In doing so, the undersigned recognized the Court's duty to construe Petitioner's arguments as liberally as possible. It is impossible to construe any cognizable claim from some of Petitioner's arguments; however, the undersigned construes Petitioner's claims as follows.

Petitioner states that Respondent, Georgia Department of Corrections Commissioner Brian Owens, transferred him to Hays State Prison on June 18, 2014 and that he was thereafter illegally placed in "isolation segregation solitary confinement." Pet. 6, ECF No. 1. He claims that he is held in solitary confinement in violation of his due process rights because he received ineffective representation by "facility coun[sel]," was not given notice of the charges against him or given notice of the term of his confinement in segregation, and because his placement in segregation prevents him from receiving the mental health treatment that he needs. *Id.* In his "Motion for Injunctive

---

[3]      In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Relief" (ECF No. 7), Petitioner specifies that he is "seeking release from the imposition in [sic] administrative segregation confinement."  Mot. for Inj. Relief 1.  The undersigned construes Petitioner's "motion" as an amendment to his Petition.[4]

Liberally construing Petitioner's Petition and the aforementioned amendment, the undersigned finds that Petitioner has sufficiently alleged a request for habeas relief to require the Court to serve the Petition on Respondent and order a response pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  The undersigned notes, however, that the Eleventh Circuit stated in *Medberry* that the prerequisites for filing a § 2254 petition are also required in an administrative segregation case such as this.  351 F.3d at 1061.  It is not clear if Petitioner has satisfied both of these prerequisites.  Because Petitioner mentions that he was held in administrative segregation for three years prior to the transfer at issue (Pet. 6), the AEDPA's one-year statute of limitations may bar this claim.  Furthermore, since it is unclear whether Petitioner has sought any state-level remedy for his claims, or whether such a remedy exists, the Court requires more information to determine exhaustion.

The undersigned recommends that the Court order service of the Petition and Motion for Injunctive Relief on Respondent and direct Respondent to file an answer or other response within sixty (60) days of the date on which the Court rules upon this Recommendation.  The undersigned continues to recommend, however, for the reasons stated in the original Report and Recommendation, that any claims seeking damages

---

[4]      So construed, Petitioner's "motion" is not properly docketed as a motion, but to the extent that it can be construed as seeking a preliminary injunction, it is recommended that the motion be denied.

4

under 18 U.S.C. § 1983 be dismissed pursuant to the three strikes rule in 28 U.S.C. § 1915(g).

## III.   Petitioner's Remaining Motions

### A.   First and Second Motions to Amend (ECF No. 6, 12)[5]

Petitioner's motions are nonsensical.  To the best of the Court's understanding, Petitioner appears to seek leave to add a certification to his Petition that his claims are not frivolous or malicious.  Such a certification is not required by 28 U.S.C. § 1915A as Petitioner appears to believe, and therefore the Court finds that it would be futile to amend the Petition to add one.  The motions are denied.  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile.")

### B.   Motion to Appoint Counsel (ECF No. 8)

Petitioner seeks appointment of counsel, arguing that he is entitled to counsel under the Sixth Amendment.  Petitioner's contention regarding the requirements of the Sixth Amendment in these circumstances is incorrect.  In a § 2254 proceeding, the appointment of counsel is not required unless the Court determines that an evidentiary hearing is warranted.  Rules Governing Habeas Corpus Cases under Section 2254, Rule 8(c).  Appointment of counsel is not warranted at this stage of the litigation and therefore Petitioner's motion is denied.

### C.   Motion for Return Answer (ECF No. 10)

Petitioner's motion seeks no specific relief or action for the Court to take, and is

---

[5]     Petitioner's second motion appears to restate the first motion in its entirety.

therefore denied.

      D.     <u>Third Motion to Amend and Supplement to Complaint (ECF No. 14, 15)</u>

Petitioner's motion seeks to add to this action the Clerk of Morgan County Probate Court and Charles Merritt, Morgan County Probate Judge, for allegedly refusing to allow Petitioner to "prosecute and defend his father['s] estate." These parties and the additional claims have absolutely no connection to the habeas corpus proceedings pending in this action, and therefore the Court will not allow Petitioner to add these parties or claims to this habeas corpus action. The motion is denied.

      E.     <u>Motion for Objective (ECF No. 16)</u>

Petitioner's motion appears to request an order for leave to proceed back to the state court. The Court has parsed Petitioner's incoherent motion and cannot comprehend Petitioner's request or what state court proceeding he is referring to and therefore the motion is denied.

      F.     <u>Demurrer Motion (ECF No. 17)</u>

The Court cannot find any requested relief in Petitioner's motion. The motion may be a response to the undersigned's Report and Recommendation, in which case it is improperly designated as a motion. It is therefore denied. Petitioner's arguments are incoherent and what arguments can be construed from the document are groundless.

## CONCLUSION

WHEREFORE, for the reasons stated above, it is RECOMMENDED that the Petition (ECF No. 1) and Motion for Injunctive Relief (ECF No. 7) (construed as an amendment to the Petition) be served upon Respondent and that Respondent be directed

to file an answer or other responsive pleading within sixty (60) days of the date upon which the Court rules on this Recommendation.  To the extent Petitioner's Motion for Injunctive Relief (ECF No. 7) can be construed as a motion for preliminary injunction, it is RECOMMENDED that it be denied.  It is further ORDERED that for the reasons stated above, Petitioner's pending motions (ECF Nos. 6, 8, 10, 12, 14, 16, 17) are denied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO ORDERED and RECOMMENDED, this 23rd day of January, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE