IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALLEN ALPHONZO ADAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 5:14-CV-293-MTT-MSH |
| | : | 28 U.S.C. § 2254 |
| HOMER BRYSON, | : | |
| | : | |
| Respondent. | : | |

_____

**RECOMMENDATION OF DISMISSAL**

Presently pending before the Court is Petitioner's petition for a writ of habeas corpus filed on July 31, 2014. In his application for habeas relief, originally filed as an action pursuant to 42 U.S.C. § 1983, Petitioner alleged that he was being held unconstitutionally in administrative segregation. Pet. for Writ of Habeas Corpus 5-6, ECF No. 1. On November 10, 2014, the petition and subsequent amendments were construed as seeking relief under 42 U.S.C. § 1983, and were recommended by the undersigned for dismissal. Order 1, Jan. 23, 2015, ECF No. 19. The district judge, however, referred the matter back to the undersigned to determine whether Petitioner stated a claim for relief under 28 U.S.C. § 2254. Order, Jan. 21, 2015, ECF No. 18.

On May 8, 2015, Respondents filed a Response to the Petition with an affidavit showing that Petitioner has been released from administrative segregation. Shives Aff. 3-4, ECF No. 23-1. Thus, on May 12, 2015, Respondents filed a motion to dismiss the petition as moot. Mot. to Dismiss Pet. 1-2, ECF No. 24. Petitioner responded to the

motion, but does not contest in any meaningful way the argument that his petition is moot.  *See* Pet'r's First Resp. and Second Resp., ECF Nos. 28, 29.[1]  The Court agrees that the petition is now moot and recommends dismissal.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  *Id.* at 1336.

Here, Petitioner sought an order granting him a writ of habeas corpus and release from administrative segregation.  Pet. for Writ of Habeas Corpus 5-6.  Petitioner has since been released into the general population at Hays State Prison.  Shives Aff. 3-4.  Since the Court can no longer give the Petitioner the relief sought, the case is moot and "dismissal is required because mootness is jurisdictional."  *Al Najjar*, 273 F.3d at 1336.

It is therefore recommended that Petitioner's petition for a writ of habeas corpus be dismissed.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The District Judge shall make a

---

[1]  Although Petitioner's responses are difficult to decipher, it appears that he is attempting to argue that his current imprisonment in the custody of the Georgia Department of Corrections (as opposed to his former confinement in administrative segregation more specifically) is "illegal."  If Petitioner wishes to challenge his jail sentence, or possibly the revocation of his probation, he must do so in state court before bringing a claim in federal district court.  *See* 28 U.S.C. § 2254(b)(1)(A).

de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this, 16th day of June, 2015.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE