IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALLEN ALPHONZO ADAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-CV-293 (MTT) |
| ) | |
| HOMER BRYSON, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

United States Magistrate Judge Stephen Hyles recommends that Petitioner Allen Alphonzo Adams's petition for a writ of habeas corpus be dismissed because it is moot. (Doc. 30). The Petitioner has filed an objection to the Recommendation. (Doc. 31). Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered the Petitioner's objection and has made a de novo determination of the portions of the Recommendation to which the Petitioner objects.

The Petitioner has also filed a "motion for declaratory judgment." (Doc. 32). The Petitioner requests relief based on the following allegations: he is in the wrong state facility in light of his mental health; there are errors related to the guilty plea he entered into in state court in 1992; "the parole board fail[ed] to timely release him" after he was granted parole in 2008; he has no family to help him; and, the Respondent failed to timely respond to his petition. (Doc. 32). Because the Petitioner is proceeding *pro se*, the Court construes this motion as a motion to amend his pending habeas petition. *See United States v. Williams*, 185 F. App'x 917, 919 (11th Cir. 2006) (citing *Ching v. United*

*States*, 298 F.3d 174, 177 (2d Cir. 2002)); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008).

A habeas petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "When deciding whether to grant leave to amend, the Court is guided by five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies despite previously allowed amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment." *Sallie v. Chatman*, 2014 WL 3509732, at *2 (M.D. Ga.).

The Petitioner's allegations arguably give rise to three types of claims; however, justice does not require leave to amend. First, amending the petition to raise a conditions-of-confinement claim would be futile because such a claim is not cognizable in federal habeas corpus. Second, the Court is precluded from considering the merits of any claims regarding the Petitioner's 1992 convictions because of his previous filings and his failure to move for an appropriate order under 28 U.S.C. § 2244(b)(3)(A). *See Adams v. Chapman*, 5:09-CV-306-HL (M.D. Ga.); *Adams v. Walker*, 5:08-CV-123-CAR (M.D. Ga.); *Adams v. Smith*, 5:03-CV-128-WDO (M.D. Ga.). Finally, the Petitioner's allegation that the parole board has failed to release him despite granting him parole raises a new claim that is entirely unrelated to this case. To the extent such a claim is against a new defendant, the Petitioner cannot show the requisite logical relationship required by Fed. R. Civ. P. 20(a). *See Faircloth v.* Cross, 2012 WL 6929468, at *6

(M.D. Ga.); *Nichols v. Head*, 2010 WL 4261395, at *3 (M.D. Ga.). Moreover, the Petitioner did not raise this claim until almost a year after he filed his petition and only after the Magistrate Judge recommended that his initial petition be dismissed as moot. As the Respondent points out, the claim also appears to be both untimely and unexhausted. (Doc. 33 at 4). Lastly, the claim must be brought in a separate petition for habeas relief. *See* Rule 2(e) of the Rules Governing Section 2254 Cases; *Hale v. McDonough*, 2007 WL 3256577, at *5 (N.D. Fla.). Therefore, the Petitioner's motion (Doc. 32) is **DENIED**.

The Court has reviewed the Recommendation and accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Respondent's motion to dismiss (Doc. 24) is **GRANTED**, and the petition is **DISMISSED as moot**. Further, the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is **DENIED**. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED**, this 21st day of October, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT